HYMON BLOOM, Suing in His own Behalf, etc., and Others, Respondents, *v.* THE NATIONAL UNITED BENEFIT SAVINGS AND LOAN COMPANY and Others, Appellants.

*Motion for leave to file exceptions nunc pro tunc — when too late — to excuse laches, merits must be shown.*

An action was brought in behalf of the plaintiff therein named and other shareholders of a corporation to recover from the directors thereof damages for the loss of assets of such company occasioned by the negligence and misfeasance of such directors. The principal issues were tried and determined in favor of the plaintiffs, and an interlocutory judgment was entered directing that an account be stated, and in pursuance thereof the matter was referred to a referee who made and filed his report, and notice of the filing thereof was given to the defendants. A motion for the confirmation of the report and for final judgment was thereafter duly noticed and made. The defendants were represented on the hearing of such motion, and opposed the confirmation of the report, although they had filed no exceptions thereto, and made, at that time, no request for leave to file exceptions nor for time, before the confirmation of the report, in which to apply for such leave. The report was confirmed and final judgment was entered thereon. The defendants then moved for leave to file exceptions *nunc pro tunc* on the ground of inadvertence.

*Held,* that the motion was made too late and was properly denied.

Where a motion is made to excuse *laches,* the moving papers must show merits in the application.

APPEAL by the defendants, The National United Benefit Savings and Loan Company and others, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 28th day of February, 1894, denying the defendants' motion for leave to file exceptions to the report of a referee *nunc pro tunc.*

*J. H. Hopkins,* for the appellants.

*J. B. M. Stevens,* for the respondents.

DWIGHT, P. J.

There seem to have been several good reasons for denying the defendants' motion in this case. The action was in behalf of the plaintiff named, and all others of the shareholders of the defendant

company who might elect to come in as parties, to recover of the other defendants — certain directors of the company — for loss of assets through the negligence and misfeasance of such defendants. The principal issues joined in the action had been tried and determined in favor of the plaintiffs, and an interlocutory judgment had been entered which directed, among other things, that an account be stated of debts and liabilities of the company for which the shareholders were or might be personally liable. A reference was accordingly had to take and state such account; the referee made his report, which was duly filed, and notice of the filing was given to the defendants. A motion was duly noticed and made for the confirmation of the report and for final judgment. The defendants were represented on the hearing of the motion, and opposed the confirmation of the report, although they had filed no exceptions thereto, and they made, at that time, no request for leave to file exceptions nor for time — before the confirmation of the report — in which to apply for such leave. The report was accordingly confirmed and final judgment was directed and entered thereon, and it was only after the entry of such final judgment that notice was given of a motion on behalf of the defendants for leave to file exceptions *nunc pro tunc*, on the ground of inadvertence.

The motion was clearly too late. The attorney and the counsel for the defendants must have discovered, on the hearing of the motion to confirm, if they did not know it before, that they had no exceptions, filed, to the report of the referee ; and then was the time, if they desired to have exceptions, to ask for leave to file them then and there, or for a postponement of the confirmation of the report pending their application for such leave. By this means — if the leave should be granted — the exceptions would be before the court on the motion to confirm and for judgment. To interject exceptions into the record *nunc pro tunc* would be to make a case on appeal which was not the case upon which the order and judgment appealed from were made and entered.

There is another ground upon which we think the court might properly have denied the motion. The motion was for a favor — to excuse *laches ;* the moving papers should have shown merits in the application, viz., that there was some reasonable ground for the exceptions which leave was asked to file; so far as appears by the

moving affidavit there was no ground whatever for any exception, and the motion was a purely dilatory proceeding.

The order appealed from should be affirmed.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.